NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UHURU'SEKOU KAMARA AJANI OBATAIYE-ALLAH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HEIDI STEWARD, Assistant Director; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> OREGON DEPARTMENT OF CORRECTIONS, <br><br> Defendant. | No. 20-35315 <br><br> D.C. No. 2:19-cv-00068-JR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding[**]

Submitted May 18, 2021[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Uhuru'sekou Kamara Ajani Obataiye-Allah appeals pro se from the district court's summary judgment in his action alleging federal and state law claims arising from denial of participation in Ramadan in 2018. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

The record reflects that the district court did not separately rule on plaintiff's free exercise claim for damages arising from the denial of participation in Ramadan in 2018. Instead, the district court found that defendants were entitled to qualified immunity "[t]o the extent any constitutional claims seeking money damages survive." However, resolving all factual disputes and drawing all reasonable inferences in plaintiff's favor, defendants are not entitled to summary judgment on the basis of qualified immunity. Plaintiff's declaration established that he has a sincerely held Nation of Islam religious belief and he informed defendants that weekly prayer meetings were not required for Nation of Islam Muslims. The right to free exercise was clearly established in 2018, such that a reasonable official would have known that requiring attendance at weekly prayer meetings as a condition to participate in Ramadan, without consideration of other

2                                                                    20-35315

alternatives to establish sincerity of belief, would violate the First Amendment.

*See Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015) (per curiam) (discussing qualified immunity; explaining that a clearly established right "is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and existing precedent must have placed the constitutional question beyond debate); *Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (setting forth the factors to determine whether a prison regulation is reasonably related to legitimate penological interests); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) (requiring prison officials to use "a reasonable method of determining religious commitment" to avoid "prevent[ing] a legitimate adherent from following the dictates of his faith"); *see also Ward v. Walsh*, 1 F.3d 873, 878 (9th Cir. 1993) ("In religious matters, we take judicial notice of the fact that often the keenest disputes and the most lively intolerance exists among persons of the same general religious belief, who, however, are in disagreement as to what that faith requires in particular matters.").

We therefore vacate the district court's judgment on qualified immunity and on plaintiff's free exercise claim for damages, and remand to allow the district court to analyze this claim under *Turner v. Safley*, 482 U.S. 78 (1987), in the first instance.

The district court properly granted summary judgment on plaintiff's equal

protection claim on the basis of race and religious preference because plaintiff failed to raise a genuine dispute of material fact as to whether he was intentionally discriminated against as a member of a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (plaintiff alleging an equal protection claim must show that defendants acted with an intent or purpose to discriminate based upon plaintiff's membership in a protected class).

However, as to his "class of one" claim, plaintiff provided a declaration stating that he knew of other inmates, two of whom he identified by name, who did not attend weekly prayer services but were allowed to participate in Ramadan. Defendants' evidence did not demonstrate the absence of a triable dispute as to whether plaintiff was intentionally treated differently from others similarly situated, or whether there was a rational basis for the different treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) (elements of "class of one" equal protection claim); *see also InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (movant has initial burden to show no genuine dispute of fact). We vacate the judgment on the equal protection "class of one" claim, and remand for further proceedings.

The district court did not abuse its discretion in denying plaintiff's motion to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review; discovery rulings "will not be disturbed except upon the

clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

In sum, we affirm the judgment as to race and religion-based equal protection claim. We also affirm the denial of plaintiff's motion to compel. We vacate summary judgment on plaintiff's (1) free exercise claim for damages on the basis of qualified immunity and (2) equal protection "class of one" claim, and remand for further proceedings on these claims only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit plaintiff's contention that the district court was biased against him.

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**